NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| TERESITA M. VIDOVIC | ) | CASE NO. 1:21cv482 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY | ) | |
| | ) | |
| Defendant, | ) | |

**Introduction**

Before me[1] is an action by Teresita M. Vidovic seeking judicial review under 42 U.S.C. §405(g) of the 2020 decision of the Commissioner of Social Security that denied Vidovic's 2018 application for child disability benefits and supplemental security income.[2] The Commissioner has answered by filing the transcript of the administrative proceedings.[3] Pursuant to my initial[4] and procedural[5] orders, the parties have briefed their positions[6] and filed supplemental fact sheets and charts.[7] They have met and conferred with the goal of reducing or clarifying the issues.[8]

---

[1] The parties consented to my exercise of jurisdiction and the matter was transferred to me by United States District Judge John R. Adams. ECF No. 11.
[2] ECF No. 1.
[3] ECF No. 8.
[4] ECF No. 6.
[5] ECF No. 9.
[6] ECF Nos. 12 (Vidovic), 14 (Commissioner).
[7] ECF Nos. 13 (Vidovic), 15 (Commissioner).
[8] ECF No. 16.

For the reasons that follow, the decision of the Commissioner will be affirmed.

## Facts

This matter is somewhat unusual in that Vidovic declined to submit a summary of the medical evidence and stated that she "does not dispute the ALJ's RFC finding in this case."[9] Instead, she argues, as her sole issue for judicial review, that the ALJ erred by not considering rebuttal evidence to the VE's testimony submitted after the hearing as a vocational report from Vidovic's own expert.[10]

Essentially, the alternative vocational expert report claimed that VE had erroneously overestimated the number of jobs available in categories fitting the RFC due to: (1) a failure to account for jobs now being performed by machines that had previously been done by individuals, (2) by incorrectly classifying jobs as full time which are now largely part-time, (3) by inaccurately finding the relevant jobs are unskilled and (4) by misrepresenting the extent to which social interaction is required.[11]

Both parties acknowledge that in presenting this challenge to the VE's testimony in this case, neither side is asking me to independently resolve the question of whether the jobs information utilized by the VE was correct.[12] Both sides also agree that, arguably under certain pre-conditions and for certain purposes, additional evidence may be added to the record after the hearing.[13]

---

[9] ECF No. 12 at 4.
[10] *Id*. at 5.
[11] *Id*.
[12] *Id*. at 11; ECF No. 14 at 11 (citing cases).
[13] ECF No. 12 at 6-8; ECF No. 14 at 7-8.

The dispute here then centers on (1) what, if any pre-conditions are required before additional post-hearing evidence is considered, (2) whether those conditions were met here and (3) was the conclusion of the VE regarding available jobs an issue that could later be re-examined by new evidence.

**Analysis**

Vidovic

Vidovic, for her part, begins by noting that in her prehearing submission she stated that she was not waiving her right to object to testimony at the hearing.[14] She then notes that, consistent with SSR 96-p, a claimant has the right to review and respond to the testimony of a VE prior to the issuance of the decision.[15] From this, Vidovic argues that she had an "absolute right" to "test the reliability of the vocational testimony" in her case and that the ALJ's decision to conclude that her post-hearing submission to that end was "out of rule," had "no basis."[16]

Vidovic then spends the rest of her brief discussing the alleged merits of her objections to the VE's testimony, as opposed to whether the ALJ was correct in not considering her post-hearing submission.[17]

Commissioner

The Commissioner begins by re-stating the well-established principle that the ALJ's factual findings are to be deemed "conclusive" on juridical review if supported by substantial

---

[14] *Id*. at 6 (citing transcript).
[15] *Id*. at 7 (quoting SSR 96-p).
[16] *Id*. at 8.
[17] *Id*. at 8-12.

evidence.[18] The Commissioner then observes that the ALJ's findings as to the work available in the national economy that matches the RFC are supported by the testimony of the VE, since an ALJ may rely on such testimony unless there is reason to believe it was "so feeble or contradicted that it would fail to clear the substantial evidence bar."[19] The Commissioner concludes that, inasmuch as a reviewing court is to defer to the ALJ presiding at the hearing when evaluating the VE's testimony, this Court should find that the VE's testimony here – which was not challenged at the hearing – constitutes substantial evidence for the final conclusion as to available jobs that meet the RFC.[20]

Next, and more to the foundational issue, the Commissioner notes that, as stated in a long series of cases from this Court, a plaintiff who fails to object at the hearing to the testimony of the VE waives the right to make a later objection to that testimony and the ALJ is under no obligation to address any such unsolicited post-hearing objections.[21]

*Murnahan* is on point and dispositive.[22] It involves, as here, the single issue of a post-hearing submission, not previously approved, that purportedly called into question the findings of the VE.[23] As here, the claimant in *Murnahan* sought by that submission to undermine the basis for the VE's decision – in that case by claiming that the O*NET, rather than the DOT, should be used.[24]

---

[18] ECF No. 14 at 4, citing 42 U.S.C. §405(g).
[19] ECF No. 14 at 6, quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152-53 (2019).
[20] *Id*. at 7.
[21] *Id*., citing, *inter alia*, *Murnahan v. Comm'r of Soc. Sec*., 2020 WL 7024847, at *6 (N.D. Ohio Nov. 30, 2020) (Baughman, MJ).
[22] I also note the attorney for Murnahan who raised the issue is the same attorney as in the present matter.
[23] *Id*. at *3.
[24] *Id*. at *2.

I noted in *Murnahan* that several basic points, universally understood in the case law, would guide my reasoning.[25] Several of those points are directly relevant now.

First, "when the VE upon being asked identifies no conflict between his testimony and the DOT, an ALJ may rely on that testimony and is not required to conduct an independent investigation into the VE's testimony to determine whether it was correct."[26]

Next, "a claimant who fails to object at the hearing to the testimony of the VE waives the right to subsequently object to that testimony and an ALJ has no obligation to address unsolicited post-hearing objections to the VE's testimony."[27]

Finally, "where the ALJ has credited the opinion of the VE as consistent with the DOT and based on the VE's experience, the reviewing Court may not, consistent with substantial evidence review, substitute its judgement as to the more credible vocational opinion by preferring the one offered by the claimant over that determined by the ALJ."[28]

Therefore, as I did in *Murnahan*, applying those principles to the present case, I find first that Vidovic neither objected to the VE's testimony at the hearing nor secured any agreement to hold the proceedings open for the later submission of some objection. "Thus, she waived the right to object to that testimony."[29] Further, I find no error in the ALJ's rejection of the post-hearing submission and also recognize, as a matter of law, that the ALJ was entitled to rely on

---

[25] *Id*. at *6.
[26] *Id*. (internal quotations and citations omitted).
[27] *Id*. (internal quotation and citation omitted).
[28] *Id*. at *7 (internal quotation and citation omitted).
[29] *Id*.

the VE's testimony as substantial evidence in that it was supported by his professional expertise.[30]

## Conclusion

Accordingly, and for the reasons stated above, the decision of the Commissioner is hereby affirmed.

IT IS SO ORDERED.

Date: 07/13/22

                                                            s/William H. Baughman, Jr.
                                                             United States Magistrate Judge

---

[30] *Biestek*, 139 S.Ct. at 1152-53.